**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON**

*Electronically Filed*

| | | |
|---|---|---|
| **SHERRY BLACK,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. _____** |
| **v.** | ) | |
| | ) | |
| | ) | **Removed from Fayette Circuit** |
| **CROWE, PARADIS & ALBREN, LLC;** | ) | **Court, Div. 8, No. 14-CI-1337** |
| **THE ADVOCATOR GROUP, LLC and** | ) | |
| **UNKNOWN DEFENDANTS,** | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Crowe, Paradis & Albren, LLC and The Advocator Group, LLC (together "Defendants") hereby remove the above-captioned action from the Fayette Circuit Court to this Court.  The state court action is removable under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) and § 1453, because this is a putative class action with more than 100 putative class members, there is minimal diversity, and the alleged amount in controversy exceeds $5,000,000.[1]

### BACKGROUND

1. Plaintiff, Sherry Black, commenced this action on April 10, 2014 by filing a Class Action Complaint in Fayette Circuit Court, Kentucky.  Plaintiff filed the action on behalf of herself and on behalf of all those similarly situated.  Complaint ¶ 1.

---

[1] By removing the case to this Court under CAFA, the Defendants do not concede liability or damages by referencing the alleged amount in controversy under CAFA.  *See Raskas v. Johnson & Johnson,* 719 F.3d 884, 888 (8th Cir. 2013) (defendants are not required to "confess liability" by identifying the specific amount that plaintiffs would seek to recover to satisfy CAFA's jurisdictional threshold).

2.   According to the Complaint, the Plaintiff's claims arise out of Defendants' representation of Plaintiff's claim for Social Security Disability Insurance benefits ("SSDI") before the Social Security Administration ("SSA").  *Id.* ¶¶ 32-35.  Plaintiff alleges that her insurance carrier referred her to the Defendants for assistance in applying for SSDI benefits, and that Defendants failed to disclose that they were affiliated with her insurance carrier.  *Id.* ¶¶ 36-57.  Plaintiff contends Defendants failed to disclose a conflict of interest based on the Defendants' affiliation with her insurance carrier, in which Defendants represented SSDI claimants and provided corporate services to the insurance carrier for overpayment facilitation. *Id.* ¶¶ 11-14.  More specifically, the Plaintiff alleges that Defendants "failed to disclose to the claimants, among other things, that Defendants operate overpayment repayment recovery businesses, offer repayment services to LTD carriers, have business relationships with the LTD carriers, and actively and regularly facilitate payments to the LTD carriers with whom Defendants have a relationship."  *Id.* ¶¶ 17.  The Plaintiff contends that the Rules of Conduct for representatives who practice before the SSA prohibits such conduct, and that Kentucky law prohibits attorneys and non-attorney representatives from representing clients under such an conflict of interest.  *Id.* ¶¶ 18-30.

3.  Plaintiff alleges that she sustained damages because of Defendants' wrongful conduct that exceeds $5,000 but does not exceed $75,000, exclusive of interests and costs.  *Id.*   ¶ 8.

4.  Plaintiff alleges that Defendants "have business relationships with or receive referrals from various LTD carriers who insure Kentucky residents."  *Id.* ¶ 62.

5.  Plaintiff describes the putative class as "Kentucky residents who are current and prior clients of Defendants and were referred by LTD insurance carriers to Defendants for assistance in applying for SSDI benefits."  *Id.* ¶ 61.

6. Plaintiff alleges that "the class is believed to have *hundreds of members* because Defendants have business relationships with or receive referrals from various LTD carriers who insure Kentucky residents." *Id.* ¶ 62 (emphasis added).

## PROCEDURAL REQUIREMENTS FOR REMOVAL

7. Defendants were served with the Complaint on or about April 14, 2014. *See* Fayette Circuit Court File, attached as Exhibit A. This Notice of Removal, therefore, is timely filed under 28 U.S.C. § 1446(b).

8. Venue is proper in this court because the Fayette Circuit Court is located within the Eastern District of Kentucky, Central Division. *See* 28 U.S.C. 1441(a); LR 3.1(a)(2)(B).

9. As required by 28 U.S.C. § 1446(a), the Defendants have attached all pleadings, process, and orders available from the state court proceeding. *See* Ex. A.

10. As required by 28 U.S.C. § 1446(d), copy of this notice is being served on the Plaintiff and filed in the state court.

11. As required by 28 U.S.C. § 1446(b), both Defendants – Crowe, Paradis & Albren, LLC and the Advocator Group – join in this Notice of Removal and consent to the removal of the action to this Court.

## THIS COURT HAS JURISDICTION UNDER CAFA

12. CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. To that end, CAFA expressly provides that class actions filed in state court are removable to federal court. CAFA expands federal jurisdiction over class actions to grant original jurisdiction for a putative class containing at least 100 members; where any member of the putative class is a citizen of a State different from that

of any defendant; and in which the amount in controversy exceeds $5,000,000, in the aggregate, for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

13. This suit satisfies all the requirements under CAFA for federal jurisdiction. Based on the allegations in the Plaintiff's Complaint: (A) the putative class exceeds 100; (B) there is minimal diversity; and (C) the alleged amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d). No exception to CAFA jurisdiction applies, and removal is proper.

**A. The putative class exceeds 100 persons.**

14. CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). According to the Plaintiff, the putative class "is believed to have *hundreds of members* because Defendants have business relationships with or receive referrals from various LTD carriers who insure Kentucky residents." Complaint ¶ 62 (emphasis added). As a result, the class size exceeds 100 persons. *See Kendrick v. Standard Fire Ins. Co., No.* 06-cv-141, 2007 WL 1035018, at *2 (E.D. Ky. Mar. 31, 2007) (class size allegations are presumed to be made in good faith and sufficient to establish CAFA jurisdiction).

**B. There is minimal diversity.**

15. The second CAFA requirement is minimal diversity - at least one putative class member must be a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d)(2).

16. Here, the Plaintiffs and putative class members are residents of Kentucky. Complaint ¶ 61.

17. The Advocator Group, LLC is a Florida corporation with its principal place of business in Wakefield, Massachusetts. *Id.* ¶ 6. The Advocator Group is now, and was at the commencement of this action, a citizen of Massachusetts for diversity purposes. 28 U.S.C.

4

§ 1332(c)(1).  Crowe Paradis & Albren, LLC is a Massachusetts corporation with its principal place of business in Wakefield, Massachusetts.  *Id.* ¶ 5.  Crowe Paradis & Albren, LLC is now, and was at the commencement of this action, a citizen of Massachusetts for diversity purposes. 28 U.S.C. § 1332(c)(1).  Neither Defendant has any member who is a citizen of Kentucky.  There is, therefore, minimal diversity.

**C. The alleged amount in controversy exceeds $5,000,000.**

18. The third CAFA requirement is that the alleged amount in controversy must exceed $5,000,000 for the entire putative class, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2). To determine the amount in controversy under CAFA, all putative class members' claims against Defendants must be aggregated.  *Id.* § 1332(d)(6).  The aggregate amount includes all statutory penalties and statutorily authorized attorneys' fees.  *See, e.g., Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369, 377 (6th Cir. 2007) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met.") (quoting *Clark v. Nat. Travelers Life Ins. Co.,* 518 F.2d 1167, 1168 (6th Cir. 1975)).

19. Where the complaint does not specify the amount of damage sought, as here, the defendant's burden is merely to prove that the claims of the putative class, in the aggregate, "more likely than not" satisfy the amount in controversy.  *See e.g., Kendrick,* 2007 WL 1035018, at *3.  This is only "a moderate burden" and "does not place upon the defendant the daunting burden imposed by the legal certainty test, to research, state, and prove the plaintiffs claim for damages."  *See Brown v. Paducah & Louisville Ry., Inc.,* 312-cv-818, 2013 WL 5273773, at *3 (W.D. Ky. Sept. 17, 2013).  "Rather, the defense is entitled to rely on a 'fair reading' of the allegations set forth in the complaint [], meaning that the amount in controversy may be

established by drawing reasonable inferences based on the nature and extent of the damages requested in the complaint."  *Id.* at *4 (citations omitted).

20. The alleged amount in controversy here exceeds $5,000,000 based upon the total amount of damage at issue.  Defendants have assisted claimants with SSDI claims in which the SSDI awards total more than $9,000,000 in SSDI benefits in the Commonwealth of Kentucky. *See* Declaration of Melissa Prudente at ¶ 5, attached as Exhibit B. The Defendants represented the Plaintiff in applying for SSDI benefits for a period, but did not represent the Plaintiff when she was awarded SSDI benefits. Complaint ¶¶ 53, 58-60. However, the Plaintiff's definition of the proposed class includes current and former clients of Defendants referred by insurance carriers for assistance in applying for SSDI benefits. *Id.* ¶ 61.  But even if the class is limited to those individuals for whom the Defendants obtained a successful SSDI award or recovered an overpayment award for the insurance carrier, Defendants have assisted in receiving SSDI awards that total more than $9,000,000 in the Commonwealth of Kentucky.  *See* Ex. B at ¶ 5.

21. That the putative class seeks recovery of an unspecified portion of this total pot of money does not affect the alleged amount in controversy for purposes of CAFA because a removing defendant is not required to identify the specific portion that would be awarded in a judgment.  *See Lewis v. Verizon Communications, Inc.,* 627 F.3d 395, 400-01 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability . . . The Plaintiff is seeking recovery from a pot that Defendant has shown could exceed $5 million . . . The amount in controversy on this record therefore comprises the total billings and the jurisdictional amount is satisfied."); s*ee Lewis,* 627 F.3d at 400-01; *see also Raskas v. Johnson & Johnson,* 719 F.3d 884, 888 (8th Cir. 2013) (defendants are not required to "confess liability" by identifying the specific amount that

plaintiffs would seek to recover to satisfy CAFA's jurisdictional threshold).  Even if the amount in controversy required an evaluation of the amount of damages allegedly suffered by the putative class, the jurisdictional threshold is satisfied based on a fair reading of the Plaintiff's Complaint because it can be reasonably deduced that the aggregate class claims could total at least $5,000,000.  Plaintiff's alleged actual damages are, at a minimum $5,000 and at a maximum $74,999 (Plaintiff claims that her damages range from $5,000 to $74,999, but does not identify any specific amount of damages. Complaint ¶ 8. The Plaintiff also alleges that her "claims or defenses are typical of the claims or defenses of the class." *Id.* ¶ 64.  Considering that the Defendants have been hired to assist with more than 1,300 SSDI claims in the Commonwealth of Kentucky — all of which were referred by insurance carriers and fit the definition of the putative class — the range of damages for the putative class is, at a minimum, $6,500,000 ($5,000 x 1300). *See* Ex. B at ¶ 4. As such, CAFA's amount in controversy requirement is easily satisfied.

## CONCLUSION

22. All of the requirements for removal under CAFA are satisfied.  Accordingly, this Court properly has jurisdiction pursuant to CAFA.

Respectfully submitted,


/s/ Christopher S. Burnside_____
Christopher S. Burnside
Cory J. Skolnick
Sarah E. Potter
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
(502) 589-5400
(502) 581-1087 (fax)
cburnside@fbtlaw.com
cskolnick@fbtlaw.com
spotter@fbtlaw.com

*Counsel for Defendants Crowe, Paradis
& Albren, LLC and The Advocator Group, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2014, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Anwar K. Malik
Kelly P. Spencer
Spencer Law Group
535 Wellington Way, Suite 330
Lexington, KY 40503
kelly.spencer.law@gmail.com
anwarkmalik@gmail.com

Jessica K. Winters
421 West Second Street
Lexington, KY 40507
(859) 619-2134
jessicawinters.law@gmail.com

*Counsel for Plaintiff*

/s/ Christopher S. Burnside_____
*Counsel for Defendants
Crowe, Paradis & Albren, LLC and
The Advocator Group, LLC*

0122478.0616860   4821-5740-5467v3

8