# **EXHIBIT A**

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION 8
CIVIL ACTION NO. 14-CI-1337

SHERRY BLACK                                                    Plaintiff

v.

CROWE, PARADIS & ALBREN, LLC;
THE ADVOCATOR GROUP, LLC and
UNKNOWN DEFENDANTS                                             Defendants



**AGREED ORDER FOR EXTENSION OF TIME
TO FILE AN ANSWER OR OTHER RESPONSIVE PLEADING**

Plaintiff, Sherry Black ("Plaintiff"), by counsel, and Defendants, Crowe, Paradis &
Albren, LLC and The Advocator Group, LLC ("Defendants"), by counsel, having notified the
Court that the parties have reached an agreement to extend the deadline for Defendants to serve
an Answer or other responsive pleading to Plaintiff's Complaint until June 2, 2014, and the Court
being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Defendants, Crowe, Paradis & Albren, LLC and The
Advocator Group, LLC, have an extension until June 2, 2014 to serve an Answer or other
responsive pleading to Plaintiff's Complaint.

JUDGE

DATE: 5-14-14

HAVE SEEN AND AGREED:

_Anwar Mal_ (signature)

Anwar K. Malik
Kelly P. Spencer
Spencer Law Group
535 Wellington Way, Suite 330
Lexington, KY 40503
(859) 252-4357

Jessica K. Winters
421 West Second Street
Lexington, KY 40507
(859) 619-2134
*Counsel for Plaintiff*

_Sarah E. Potter by MAT_ (signature)

Christopher S. Burnside
Cory J. Skolnick
Sarah E. Potter
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
(502) 589-5400
*Counsel for Defendants*
*Crowe, Paradis & Albren, LLC and*
*The Advocator Group, LLC*

Tendered by:

_Sarah E. Potter by MAT_ (signature)

Christopher S. Burnside
Sarah E. Potter
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
(502) 589-5400
*Counsel for Defendants*
*Crowe, Paradis & Albren, LLC and*
*The Advocator Group, LLC*

2

COPIES TO:

Anwar K. Malik
Kelly P. Spencer
Spencer Law Group
535 Wellington Way, Suite 330
Lexington, KY 40503

Jessica K. Winters
421 West Second Street
Lexington, KY 40507

Christopher S. Burnside
Sarah E. Potter
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363

3



**Commonwealth of Kentucky**
**Office of the Secretary of State**

Alison Lundergan Grimes
Secretary of State

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-5687

Circuit Court Clerk
Fayette County, Division: 8
120 N Limestone St
Lexington, KY 40507

FROM:      SUMMONS DIVISION
           SECRETARY OF STATE

RE:        CASE NO: 14-CI-1337

DEFENDANT:  CROWE, PARADIS, & ALBREN LLC
SERVE: ANDREW J HICKEY, ESQ

DATE:      April 21, 2014

USPS Certified Mail ID: 71922677001001898190

The Office of the Secretary of State was served with a summons and accompanying documents for the captioned defendant on

April 14, 2014

This office served the defendant by sending a copy of the summons and accompanying documents via certified mail, return receipt requested, on

April 14, 2014

The US Postal Service has provided a scanned image of the return receipt confirming receipt of summons. The image is provided to the right of this page.

 **UNITED STATES POSTAL SERVICE**

Date Produced: 04/21/2014

KENTUCKY SECRETARY OF STATES OFFICE - COMMONWEALTH:

The following is the delivery information for Certified Mail™ item number 7192 2677 0010 0189 8190. Our records indicate that this item was delivered on 04/17/2014 at 11:19 a.m. in BOSTON, MA 02110. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service


FILED
ATTEST, VINCENT RIGGS, CLERK
APR 23 2014
FAYETTE CIRCUIT CLERK
BY _____ DEPUTY

**2. Article Number**

||||||||| (barcode) |||||||||

7196 9008 9115 5673 0238

**3. Service Type:** CERTIFIED MAIL™

**4. Restricted Delivery? (Extra Fee)** ☐ Yes

**1. Article Addressed to:**

The Advocator Group, LLC
CT Corporation System
306 West Main Street, Suite 512
Frankfort, KY 40601
14-CI-1357

PS Form 3811, January 2005    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

Susan Johnson   4/11/14

*Susan Johnson*

☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes ☐ No

FILED
ATTEST, VINCENT RIGGS, CLERK

APR 1 5 2014

FAYETTE CIRCUIT CLERK

*M. 7.*

14/ 1337

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
APR 14 2014

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

SECRETARY OF STATE
P. O. BOX 718
FRANKFORT, KY  40602-0718

14-CI-1337

3. Service Type
☐ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7011 1570 0000 9032 0404

PS Form 3811, July 2013    Domestic Return Receipt

FILED
ATTEST, VINCENT RIGGS, CLERK
APR 15 2014
FAYETTE CIRCUIT CLERK
BY _____ D.C.



Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

April 14, 2014

CROWE, PARADIS, & ALBREN LLC
SERVE: ANDREW J HICKEY, ESQ
TWO INTERNATIONAL PLACE
C/O CHOATE HALL & STEWART, LLP
BOSTON, MA 02110

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 14-CI-1337

COURT:  Circuit Court Clerk
        Fayette County, Division: 8
        120 N Limestone St
        Lexington, KY 40507
        Phone: (859) 246-2141 OR (859) 246-2142

Legal action has been filed against you in the captioned case. As provided under
Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

>   **(1) Your attorney, or**
>   **(2) The attorney filing this suit whose name should appear on**
>        **the last page of the complaint, or**
>   **(3) The court or administrative agency in which the suit is filed**
>        **at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this
case. Your responsive pleadings should be filed with the clerk of the court or agency
where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve
the pleading under a particular statute or rule and pay for said service.

| AOC-105 | Doc. Code: CI | | Case No. | _14-CI-1339_ |
|---|---|---|---|---|
| Rev. 1-07 Page 1 of 1 Commonwealth of Kentucky Court of Justice   www.courts.ky.gov CR 4.02; CR Official Form 1 | | CIVIL SUMMONS | Court | ☑ Circuit ☐ District |
| | | | County | Fayette |

**PLAINTIFF**

Sherry                                        Black

318 Tangley Way

Lexington                    Kentucky                    40517

VS,

RECEIVED

APR 14 2014

PERFECTED BY MAIL

**DEFENDANT**

Crowe, Paradis, & Albren, LLC

101 Edgewater Drive

Suite 260

Wakefield                    Massachusettes            01880

**Service of Process Agent for Defendant:**

Andrew                    J.                    Hickey

Via Kentucky Secretary of State per KRS 454.210

Two International Place, C/O Choate, Hall & Stewart, LLP

Boston                                        Massachusettes            02110

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____, 2____

FILED APR 1 0 2014

By: _____

VINCENT RIGGS, CLERK                    Clerk
FAYETTE CIRCUIT COURT
CIVIL DIVISION                            D.C.
120 N. LIMESTONE STREET C103
LEXINGTON, KENTUCKY 40507

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

Served by: _____

_____ Title

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION
CIVIL ACTION NO. _____

Sherry Black

Plaintiff

v.  CLASS ACTION COMPLAINT WITH JURY DEMAND

Crowe, Paradis, & Albren, LLC

Defendants

    Serve:    Andrew J. Hickey, Esq.
                Two International Place
                C/O Choate, Hall & Stewart, LLP
                Boston, MA 02110

    Via Kentucky Secretary of State per KRS 454.210

The Advocator Group, LLC

    Serve:    C T Corporation System
                306 West Main Street
                Suite 512
                Frankfort, KY 40601

    Via Certified Mail

and

**Unknown Defendants**

                        ***    ***    ***

    Plaintiff, Sherry Black ("Plaintiff"), by counsel, individually and on behalf of all others similarly situated, states her complaint against Defendants Crowe, Paradis, & Albren, LLC, The Advocator Group, LLC, and any unknown defendants (collectively, "Defendants") as follows:

FILED
ATTEST, VINCENT RIGGS, CLERK
APR 1 0 2014
FAYETTE CIRCUIT CLERK
BY DEPUTY

A TRUE COPY
ATTEST: VINCENT RIGGS, CLERK
FAYETTE CIRCUIT COURT
BY _____ DEPUTY

1

## INTRODUCTION

1. This is a class action brought by Plaintiff on behalf of Kentucky residents who were referred by long term disability ("LTD") insurance carriers to Defendants for assistance in applying for Social Security Disability ("SSD") benefits.

2. Defendants failed to disclose material information including, but not limited to, a conflict of interest that existed because Defendants were also providing corporate services, including overpayment facilitation, to the class members' LTD carriers, such as Metropolitan Life Insurance Company ("MetLife").

3. Defendants committed legal malpractice and breached their fiduciary duties. Defendants also made fraudulent omissions and violated the Kentucky Consumer Protection Act.[1]

## PARTIES

4. Plaintiff Sherry Black is a resident of Lexington, Fayette County, Kentucky.

5. Defendant Crowe, Paradis, & Albren, LLC is a Massachusetts limited liability company with its principal office at 101 Edgewater Drive, Suite 260, Wakefield, Massachusetts 01880. Crowe's agent for service of process is Andrew J. Hickey, Esq., Two International Place, C/O Choate, Hall & Stewart, LLP, Boston, Massachusetts 02110. Crowe is a for-profit company and does business in the Commonwealth of Kentucky, deriving revenue from its business it conducts in Kentucky.

---

1   KRS 367.110 et seq.

6. Defendant The Advocator Group, LLC is a Florida limited liability company with its principal office at 101 Edgewater Drive, Suite 260, Wakefield, Massachusetts 01880. The Advocator Group's agent for service of process is C T Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601. The Advocator Group is a for-profit company and does business in the Commonwealth of Kentucky, deriving revenue from its business it conducts in Kentucky.

7. The unknown defendants are other persons employed by or affiliated with Crowe and The Advocator Group who also committed the unlawful acts alleged in this complaint. Plaintiff reserves the right to amend the complaint to add these defendants once their identities become known to Plaintiff.

## JURISDICTION

8. This Court has subject matter jurisdiction of these claims under Section 112(5) of the Kentucky Constitution and KRS 23A.010(1). The amount in controversy is believed to exceed five thousand dollars ($5,000), exclusive of interests and costs. The amount in controversy for Plaintiff's individual claims does not exceed seventy five thousand dollars ($75,000.00). The amount in controversy for the class is unknown at this time.

9. This Court has personal jurisdiction over Defendants under KRS 454.210(2) because, at all relevant times, they transacted business in Kentucky, contracted to supply services in Kentucky, and caused tortious injury by acts

3

or omissions in Kentucky.

## VENUE

10. Venue is proper in this Court under KRS 454.210(4) because Fayette County is where Plaintiff resides and where the cause of action arose.

## BACKGROUND

### Relationship between Defendants and LTD Carriers

11. Defendants provide representation to SSD claimants nationwide.

12. MetLife is a global provider of insurance, annuities, and employee benefit programs.

13. Upon knowledge and belief, Defendants have agreed to provide SSD representation to persons insured by MetLife's LTD insurance policies.

14. Upon knowledge and belief, Defendants have agreed to provide corporate services to MetLife in addition to SSD representation for MetLife insureds. Such corporate services are believed to include overpayment facilitation.

15. Upon knowledge and belief, MetLife has agreed to pay Defendants fees for their SSD representation and corporate services. Such fees are believed to include a flat fee for SSD representation, a contingency fee equal to a percentage of the actual dollar amount repaid by Defendants' SSD clients to MetLife as a result of Defendants' overpayment facilitation, or a combination of both.

16. Upon knowledge and belief, Defendants contract with other LTD plans and

4

carriers in addition to MetLife. Defendants market themselves as companies that collect overpayments after an award of SSD benefits and assist LTD beneficiaries in applying for SSD benefits.

17. Defendants failed to disclose to the claimants, among other things, that Defendants operate overpayment repayment recovery businesses, offer repayment services to LTD carriers, have business relationships with the LTD carriers, and actively and regularly facilitate payments to the LTD carriers with whom Defendants have a relationship.

**Standards of Conduct for SSD Representatives[2]**

18. All attorney and non-attorney representatives of claimants who practice before the SSA must comply with the Rules of Conduct and Standards of Responsibility for Representatives ("Rules of Conduct").[3] The Rules of Conduct specify both affirmative obligations and prohibited conduct.

19. All attorneys and non-attorney representatives acting on behalf of another person seeking SSD benefits must faithfully execute their duties as agents and fiduciaries of a party.[4]

20. All representatives must be forthright in their dealings with the claimant.[5]

21. All representatives must provide competent representation to a claimant. This includes having a working knowledge of the Social Security Act.[6]

---

2   *See* Social Security Administration, *Standards of Conduct for Representatives* (*available at* http://www.ssa.gov/representation/conduct_standards.htm).
3   20 C.F.R. §§ 404.1740 and 416.1540.
4   20 C.F.R. § 404.1740(a)(1).
5   20 C.F.R. § 404.1740(a)(2).
6   20 C.F.R. § 404.1740(b)(3)(i).

22. A representative must not, in any manner or by any means, deceive or knowingly mislead a claimant, or prospective claimant or beneficiary.[7]

### Defendants' Conflict of Interest

23. An attorney representative shall not represent a client if the representation involves a concurrent conflict of interest.[8] A concurrent conflict of interest exists if:

    (a)    the representation of one client will be directly adverse to another client; or

    (b)    there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.[9]

24. An attorney representative shall not accept compensation for representing a client from one other than the client unless:

    (a)    the client gives informed consent;

    (b)    there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and

    (c)    information relating to representation of a client is protected as required by Rule 1.6.[10]

25. The Supreme Court Commentary to Rule 1.8 states as follows:

---

7   20 C.F.R. § 404.1740(c)(1).
8   SCR 3.130(1.7)(a).
9   Id.
10  SCR 3.130(1.8).

6

Because third-party payers frequently have interests that differ from those of the client, including interests in minimizing the amount spent on the representation and in learning how the representation is progressing, lawyers are prohibited from accepting or continuing such representations unless the lawyer determines that there will be no interference with the lawyer's independent professional judgment and there is informed consent from the client.[11]

26. Attorneys with managerial authority in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the conduct of a non-attorney representative is compatible with the professional obligations of a lawyer.[12]

27. Attorneys with direct supervisory authority over a non-attorney representative shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer.[13]

28. An attorney shall be responsible for conduct of a non-attorney representative that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if:

(a)     the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or

(b)     the lawyer has managerial authority in the law firm, or has

---

11   *Id.*
12   SCR 3.130(5.3)(a).
13   SCR 3.130(5.3)(b).

supervisory authority over the non-attorney representative, and knows

of the conduct at a time when its consequences can be avoided or

mitigated but fails to take reasonable remedial action.[14]

29. Under the SSA's Rules of Conduct, a non-attorney representative is a

fiduciary and should avoid conflicts of interest.

30. However, Defendants' attorney and non-attorney representatives regularly

represent claimants with interests adverse to those of Defendants'

contracting LTD insurance companies. A conflict of interest exists because

the claimants are frequently involved in adversarial administrative and

judicial proceedings with the LTD carriers when their LTD benefits are

denied or terminated. Defendants represent these claimants while

simultaneously being paid by the LTD carriers.

31. Defendants' attorney and non-attorney representatives regularly represent

claimants with further conflicts of interest in that Defendants operate an

overpayment and repayment recovery business, offer repayment services to

LTD carriers, have business relationships with the LTD carriers, and actively

and regularly facilitate payments to the LTD carriers with whom Defendants

have a relationship.

**Defendants' Representation of Plaintiff before the SSA**

32. Plaintiff previously worked as a branch manager for CitiFinancial. As a

branch manager, Plaintiff managed a loan office that dealt with personal

---

14 SCR 3.130(5.3)(c).

loans and mortgages. Through her employment, she participated in a group disability insurance plan underwritten and administered by MetLife.

33. On April 22, 2009, Plaintiff unfortunately became disabled during the course of her employment with CitiFinancial.

34. Plaintiff filed a claim for LTD benefits with MetLife and was initially approved for LTD benefits.

35. On or about September 2009, MetLife referred Plaintiff to Defendants for SSD representation.

36. Upon knowledge and belief, Defendants failed to disclose to Plaintiff that they were affiliated with her LTD insurer.

37. Upon knowledge and belief, the correspondence, materials, and communications sent to Plaintiff by Defendants failed to disclose any conflict of interest that resulted from Defendants' compensation arrangement with MetLife.

38. Upon knowledge and belief, Defendants did not seek or obtain Plaintiff's waiver of any conflict of interest.

39. Upon knowledge and belief, Defendants did not seek or obtain Plaintiff's informed consent to accept compensation from MetLife for SSD representation or overpayment facilitation.

40. Plaintiff relied on correspondence, materials, and communications from Defendants in deciding to choose Defendants to represent her before the SSA.

9

41. Upon knowledge and belief, Defendants failed to disclose to Plaintiff that her SSD benefits are generally exempt from levy or seizure by creditors, and failed to otherwise advise her of her legal rights in relation to her SSD benefits and her LTD overpayment.

42. Defendants represented and assisted Plaintiff with her SSD claim from 2009 to 2013.

43. On or about October 6, 2009, Plaintiff filed an application for SSD benefits with the SSA.

44. On or about February 10, 2010, the SSA denied Plaintiff's application for SSD benefits.

45. On or about March 29, 2010, Plaintiff, with the assistance of Defendants, filed a request for reconsideration with the SSA.

46. On or about May 6, 2010, the SSA denied SSD benefits at the reconsideration stage.

47. On or about May 14, 2010, Plaintiff, with the assistance of Defendants, filed a request for an administrative hearing with the SSA.

48. Plaintiff, with the assistance of Defendants, was scheduled to participate in a hearing before a SSA administrative law judge ("ALJ") on or about January 12, 2011. The hearing was postponed.

49. On or about May 4, 2011, Plaintiff, with the assistance of Defendants, participated in a rescheduled hearing before an ALJ.

10

50. On or about August 23, 2011, an ALJ denied SSD benefits after the rescheduled hearing.

51. On or about September 8, 2011, Plaintiff, with the assistance of Defendants, filed a request for review of the ALJ's hearing decision with the SSA's Appeals Council.

52. On or about December 6, 2012, the Appeals Council remanded the SSD claim to an ALJ.

53. Plaintiff discharged Defendants by correspondence dated April 10, 2013.

54. Plaintiff requested a copy of her SSD file from Defendants by correspondence dated April 10, 2013. Defendants failed to deliver a copy of the requested SSD file to Plaintiff.

55. From 2009 to 2013, Defendants failed to disclose a conflict of interest to Plaintiff.

56. From 2009 to 2013, Defendants failed to obtain a conflict of interest waiver from Plaintiff.

57. From 2009 to 2013, Defendants failed to obtain Plaintiff's informed consent to accept compensation from MetLife for SSD representation or overpayment facilitation.

58. On or about April 18, 2013, Spencer Law Group agreed to represent Plaintiff before the SSA.

59. On or about October 31, 2013, Plaintiff, with the assistance of Spencer Law

11

Group, participated in a hearing before an ALJ.

60. The SSA awarded Plaintiff SSD benefits in a decision dated December 6, 2013. The SSA found that Plaintiff became disabled under its rules on April 22, 2009.

## CLASS ACTION ALLEGATIONS

61. Plaintiff brings this action as a class action pursuant to Rule 23.02(a) and (c) of the Kentucky Rules of Civil Procedure on behalf of a class consisting of Kentucky residents who are current and prior clients of Defendants and were referred by LTD insurance carriers to Defendants for assistance in applying for SSD benefits.

62. The members of the class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown at the present time. Despite the numerical size of the class, the identities of the class members can be ascertained. The number and identities of the class members may be determined from Defendants' records through discovery, and potential class members may easily be notified about the pendency of this action. The class is believed to have hundreds of members because Defendants have business relationships with or receive referrals from various LTD carriers who insure Kentucky residents.

63. This action presents questions of law and fact which are common to the class members, including, but not limited to, the following:

12

   (a)    Whether Defendants committed legal malpractice;

   (b)    Whether Defendants breached one or more fiduciary duties owed to the class members;

   (c)    Whether Defendants' failure to disclose material facts, including, but not limited to, the existence of a conflict of interest, were fraudulent omissions; and

   (d)    Whether Defendants' conduct constitutes unfair and deceptive practices in violation of the Kentucky Consumer Protection Act.

   (e)    Whether Defendants breached the implied covenant of good faith and fair dealing.

64. The claims or defenses of the represented party are typical of the claims or defenses of the class. Plaintiff has the same interests as the other class members in prosecuting the claims against Defendants. Plaintiff and all the members of the class sustained damages as a result of Defendants' wrongful conduct.

65. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel competent and experienced in class action litigation.

66. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Common issues predominate over issues affecting only individual class members. Furthermore, the expense and burden of individual litigation make

13

it extraordinarily difficult for class members to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

### Count I: Legal Malpractice

67. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

68. An attorney-client relationship existed between Plaintiff and Defendants.

69. Defendants breached their duty of care by, among other things:

    (a)    representing claimants with interests adverse to those of Defendants' contracting LTD insurance companies;

    (b)    failing to disclose material information regarding claimants' rights relating to their SSD benefits;

    (c)    failing to disclose conflicts of interest;

    (d)    failing to obtain conflict of interest waivers;

    (e)    failing to disclose material facts relating to Defendants' compensation arrangement with LTD carriers;

    (f)    failing to obtain informed consent to accept compensation from LTD carriers for SSD representation or overpayment facilitation; and

    (g)    failing to deliver copies of requested SSD files.

70. Plaintiff and other members of the class have been damaged by Defendants' breach of their duty of care.

14

**Count II: Breach of Fiduciary Duty**

71. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

72. Defendants, and their agents, servants, and employees, owed fiduciary duties to Plaintiff and class members. Defendants' fiduciary duties include being forthright in their dealings with claimants, being knowledgable of the Rules of Conduct, being knowledgable of the Social Security Act, being knowledgable of the Rules of Professional Conduct, and avoiding deceptive or misleading statements.

73. Defendants breached their fiduciary duties by, among other things:

    (a)    representing claimants with interests adverse to those of Defendants' contracting LTD insurance companies;

    (b)    failing to disclose material information regarding claimants' rights relating to their SSD benefits;

    (c)    failing to disclose conflicts of interest;

    (d)    failing to obtain conflict of interest waivers;

    (e)    failing to disclose material facts relating to Defendants' compensation arrangement with LTD carriers;

    (f)    failing to obtain informed consent to accept compensation from LTD carriers for SSD representation or overpayment facilitation; and

    (g)    failing to deliver copies of requested SSD files.

74. Plaintiff and other members of the class have been damaged by Defendants' breach of their fiduciary duties.

### Count III: Fraudulent Omissions

75. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

76. As fiduciaries of the class members, Defendants had a duty to disclose material facts, including, but not limited to, the following:

    (a)    the interests adverse to those of Defendants' contracting LTD insurance companies;

    (b)    material information regarding claimants' rights relating to their SSD benefits;

    (c)    conflicts of interest; and

    (d)    material facts relating to Defendants' compensation arrangement with LTD carriers.

77. Defendants failed to disclose these material facts to Plaintiff and the class members.

78. The failure to disclose these material facts caused Plaintiff and the class members to act, in that they chose, and continued to choose, Defendants, rather than conflict-free representatives, to assist them in applying for SSD benefits.

79. Plaintiff and other members of the class have been damaged by Defendants'

16

fraudulent omissions.

Count IV: Violations of the Kentucky Consumer Protection Act

80. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

81. Plaintiff and the class members are persons that the Kentucky General Assembly intended to protect with the Kentucky Consumer Protection Act.

82. Defendants' actions constitute unfair, false, misleading, and deceptive acts or practices as defined by the Kentucky Consumer Protection Act. Specifically, the alleged unfair and deceptive practices include, but are not limited to, the following:

(a)    representing claimants with interests adverse to those of Defendants' contracting LTD insurance companies;

(b)    failing to disclose material information regarding claimants' rights relating to their SSD benefits;

(c)    failing to disclose conflicts of interest;

(d)    failing to obtain conflict of interest waivers;

(e)    failing to disclose material facts relating to Defendants' compensation arrangement with LTD carriers;

(f)    failing to obtain informed consent to accept compensation from LTD carriers for SSD representation or overpayment facilitation; and

(g)    failing to deliver copies of requested SSD files.

17

83. Plaintiff and other members of the class have been damaged by Defendants' unfair and deceptive practices.

### Count V: Implied Covenant of Good Faith and Fair Dealing

84. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

85. Every contract contains an implied covenant of good faith and fair dealing. The implied covenant of good faith and fair dealing imposes on the parties a duty to do everything necessary to carry out the contract.

86. The attorney-client relationship imposed upon Defendants a duty of good faith and fair dealing in this matter.

87. Defendants willfully breached the implied covenant of good faith and fair dealing by, among other things:

(a)     representing claimants with interests adverse to those of Defendants' contracting LTD insurance companies;

(b)     failing to disclose material information regarding claimants' rights relating to their SSD benefits;

(c)     failing to disclose conflicts of interest;

(d)     failing to obtain conflict of interest waivers;

(e)     failing to disclose material facts relating to Defendants' compensation arrangement with LTD carriers;

(f)     failing to obtain informed consent to accept compensation from LTD

18

carriers for SSD representation or overpayment facilitation; and

(g)     failing to deliver copies of requested SSD files.

88. Plaintiff and other members of the class have been damaged by Defendants' breach of the implied covenant of good faith and fair dealing.

### Count VI: Punitive Damages

89. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

90. Defendants acted toward Plaintiff and class members with oppression, fraud or malice. Defendants authorized or ratified or should have anticipated the conduct of their agents and employees. An award of punitive damages is necessary to punish Defendants and deter Defendants and others from similar conduct in the future.

### JURY DEMAND

91. Plaintiff requests a trial by jury under Rule 38.02 of the Kentucky Rules of Civil Procedure.

### PRAYER FOR RELIEF

For these reasons, Plaintiff prays for relief and judgment, as follows:

92. Declaring this action to be a proper class action and certifying Plaintiff as class representative.

93. Allowing Plaintiff to amend the complaint to add defendants unknown at this time once their identities become known to Plaintiff.

19

94. Trial by jury.

95. Judgment against Defendants for an amount that will fairly and reasonably compensate Plaintiff and class members for their compensatory damages.

96. Punitive damages.

97. Awarding Plaintiff and class members their reasonable attorney's fees and costs.

98. Pre-judgment and post-judgment interest.

99. Any further relief which the Court may deem appropriate.

Dated: April 10, 2014                          Respectfully submitted,


Anwar K. Malik
Kelly P. Spencer
Spencer Law Group
535 Wellington Way, Suite 330
Lexington, KY 40503
Phone: (859) 252-4357
Fax: (859) 271-0021
Email: kelly.spencer.law@gmail.com

Jessica K. Winters
421 W. Second St.
Lexington, KY 40507
Phone: (859) 619-2134
Email: jessicawinters.law@gmail.com

*Counsel for Plaintiff*

20

# VERIFICATION

The allegations contained in the foregoing Class Action Complaint with Jury Demand are true and correct to the best of my knowledge and belief.

Sherry Black

State of Kentucky )
                  )
County of Fayette )

Subscribed, sworn to and acknowledged before me by Sherry Black on April 10, 2014.

My commission expires: 2/22/16

Notary Public

21

| AOC-105          Doc. Code: CI | | Case No. | *(illegible handwriting)* |
| Rev. 1-07 | | Court | ☑ Circuit ☐ District |
| Page 1 of 1 | | | |
| Commonwealth of Kentucky | | County | Fayette |
| Court of Justice   www.courts.ky.gov | CIVIL SUMMONS | | |
| CR 4.02; CR Official Form 1 | | | |

PLAINTIFF

Sherry                                    Black

318 Tangley Way

Lexington              Kentucky              40517

VS.

DEFENDANT

Crowe, Paradis, & Albren, LLC

101 Edgewater Drive

Suite 260

Wakefield              Massachusettes              01880

Service of Process Agent for Defendant:

Andrew              J.              Hickey

Via Kentucky Secretary of State per KRS 454.210

Two International Place, C/O Choate, Hall & Stewart, LLP

Boston                                    Massachusettes              02110

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date:   FILED APR 10 2014, 2                                    Clerk

By:              VINCENT RIGGS, CLERK              D.C.
              FAYETTE CIRCUIT COURT
              CIVIL DIVISION
              120 N. LIMESTONE STREET C103
              LEXINGTON, KENTUCKY 40507

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To   SECRETARY OF STATE
Street, Apt No.; or PO Box No.   P. O. BOX 718
City, State, ZIP+4   FRANKFORT, KY. 40602-0718

7011 1570 0000 9032 0404

Proof of Service

copy and the Complaint (or other initiating document) to:

Served by: _____

_____ Title

| AOC-105 | Doc. Code: CI | | Case No. | *14-CI-1337* |
|---|---|---|---|---|
| Rev. 1-07 | | | Court | ☑ Circuit ☐ District |
| Page 1 of 1 | | | | |
| Commonwealth of Kentucky | | | County | Fayette |
| Court of Justice   www.courts.ky.gov | | **CIVIL SUMMONS** | | |
| CR 4.02; CR Official Form 1 | | | | |

PLAINTIFF

Sherry _____ Black _____

318 Tangley Way _____

Lexington _____ Kentucky _____ 40517 ____

VS.

DEFENDANT

The Advocator Group, LLC _____

101 Edgewater Drive _____

Suite 260 _____

Wakefield _____ Massachusetts _____ 01880 ___

Service of Process Agent for Defendant:

C T Corporation System _____

306 West Main Street _____

Suite 512 _____

Frankfort _____ Kentucky _____ 40601 ____

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

        You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

        The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: __FILED APR 1 0 2014__, 2____

VINCENT RIGGS, CLERK
FAYETTE CIRCUIT COURT
CIVIL DIVISION _____ Clerk
By: _____ 120 N. LIMESTONE STREET C103 _____ D.C.
LEXINGTON, KENTUCKY 40507

**US Postal Service®**
**Certified Mail™ Receipt**
Domestic Mail Only
No Insurance
Coverage Provided

7196 9008 9111 5673 0238

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

nt) to:

Title

Sent To:
The Advocator Group, LLC
CT Corporation System
306 West Main Street, Suite 512
Frankfort, KY 40601
14-CI-1337

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION _____
CIVIL ACTION NO. _____ 74-CI/33 <sup></sup>

Sherry Black                                                                    Plaintiff

v.        **AFFIDAVIT FOR WARNING ORDER ATTORNEY**

Crowe, Paradis, & Albren, LLC                                       Defendants

The Advocator Group, LLC

and

**Unknown Defendants**

FILED
ATTEST, VINCENT RIGGS, CLERK
APR 10 2014
FAYETTE CIRCUIT CLERK
BY _____ DEPUTY

\*\*\*      \*\*\*      \*\*\*

The undersigned, Anwar K. Malik, after being duly sworn, states the

following under oath:

1. I am an attorney licensed to practice in the Commonwealth of Kentucky.

2. I am counsel for Plaintiff, Sherry Black, in this matter.

3. I am unaware of the identity of the unknown defendants, who are other

   persons employed by or affiliated with Defendants Crowe, Paradis, & Albren,

   LLC and The Advocator Group, LLC who also committed the unlawful acts

   alleged in the complaint.

4. I do not know of any last known addresses for the unknown defendants.

5. I believe that Plaintiff is ignorant of such facts as are unknown to me.

6. I request that a warning order attorney be appointed by the Court to notify

1

the unknown defendants of the nature and pendency of this action.

*** *** ***

## VERIFICATION

This is to verify that the above information is true and correct to the best of my knowledge and belief.

Anwar K. Malik
Spencer Law Group
535 Wellington Way, Suite 330
Lexington, KY 40503
Phone: (859) 252-4357
Fax: (859) 271-0021
Email: kelly.spencer.law@gmail.com

State of Kentucky )
                  )
County of Fayette )

Subscribed, sworn to and acknowledged before me by Anwar K. Malik on April 9, 2014.

My commission expires: 7-28-15

Notary Public

2

| AOC- 110        Doc. Code: AWOA<br>Rev. 6-13<br>Page 1 of 1<br><br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>Rule CR 4.05; 4.07 | **APPOINTMENT OF WARNING<br>ORDER ATTORNEY** | Case No. *14-CC-133*<br>Court   Circuit<br>County   Fayette<br>Division |

Sherry Black
_____                          PLAINTIFF

VS.

Unknown Defendants
_____                          DEFENDANT


        Not later than fifty (50) days after the date of this Order, the above-named Defendant is warned to appear and answer the Complaint/Petition of the above-named Plaintiff filed against him/her.

_____ *Joseph Buckles* _____
                          (Name of Attorney)

_____
                          (Address)

_____

_____
(Phone number)

a regular practicing attorney of this Court, is appointed to correspond with the Defendant, and to inform him/her by mail concerning the pendency and nature of this action, and to file his/her report in the Clerk's office of this Court within fifty (50) days after the date of this Order.

**FILED APR 1 0 2014**

_____, 2_____.


                                        VINCENT RIGGS, CLERK
                                        FAYETTE CIRCUIT COURT _____ Clerk
                                        CIVIL DIVISION
                                        120 N. LIMESTONE STREET C103
                                        LEXINGTON, KENTUCKY 40507
                          By: _____ D.C.

# County

# Random Judge Assignment Report

**Court:** | FAYETTE CIRCUIT COURT - CIVIL CASES

**Requestor:** | GLENDA | **Reference/Case Number:** | 14-cl-1337

**This Case has been Assigned to:** | 8th | **Division**

| Judge Thomas Clark | 622142

**Control Date/Time:** | 04/10/2014   2:33:49PM

Commonwealth of Kentucky
Fayette County
Vincent Riggs
Circuit Court Clerk

Receipt Number: 05-0078189-A
DATE: 04/21/2014
TIME: 03:03 PM
*** (M) CIVIL-OTHER ***

CASE NO: 14-CI-01337

RECEIVED FROM: VINCENT RIGGS

ACCOUNT OF: BLACK, SHERRY - VS. THE ADVOCATOR
GROUP, LLC, , ET AL.
PARTY NAME: BLACK, SHERRY

| 1. | Postage/Cert. Mail MCFO(K(H)) | 23.08 |
|---|---|---|
| | TOTAL: | $23.08 |
| | CHECK: | $23.08 |
| | ***DIFF: | 0.00 |

*** Check Number: 726649
*** Credit Card Invoice #:
Balance Due : ($23.08)

Prepared By: VINCE RIGGS/gm
**MCFO=Money Collected for Others
**CS=Charge for Services
Payer                                    Page 1 of 1

Commonwealth of Kentucky
Fayette County
Vincent Riggs
Circuit Court Clerk

Receipt Number: 05-0078189-A
DATE: 04/21/2014
TIME: 03:03 PM
*** (M) CIVIL-OTHER ***

CASE NO: 14-CI-01337

RECEIVED FROM: VINCENT RIGGS

ACCOUNT OF: BLACK, SHERRY - VS THE ADVOCATOR
GROUP, LLC, , ET AL
PARTY NAME: BLACK, SHERRY

| 1. | Postage/Cert. Mail MCFO(K(H)) | 23.08 |
|---|---|---|
| | TOTAL: | $23.08 |
| | CHECK: | $23.08 |
| | ***DIFF: | 0.00 |

*** Check Number: 726649
*** Credit Card Invoice #:
Balance Due : ($23.08)

Prepared By: VINCE RIGGS/gm
**MCFO=Money Collected for Others
**CS=Charge for Services
Filing (KYCOURTS)                        Page 1 of 1