UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| SHERRY BLACK,<br><br>    **Plaintiff,**<br><br>V.<br><br>CROWE, PARADIS, & ALBREN, LLC, et al.,<br><br>    **Defendants.** | CIVIL ACTION NO. 5:14-187-KKC<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendants' Crowe, Paradis, & Albren, LLC and The Advocator Group, LLC Motion to Stay pending resolution of the Defendants' Motion to Dismiss. (DE 26). The Defendants' Motion to Dismiss asserts that the named plaintiff in the action lacks Article III standing. (DE 19). Subsequently, the Plaintiff filed a Motion for Leave to Amend Complaint to Add Additional Named Plaintiff. (DE 23).

For reasons stated below, the Court will grant the Defendants' motion to stay.

\* \* \* \* \*

A federal court cannot exercise jurisdiction over a matter in which the plaintiff does not have standing to sue. *Nat'l Air Traffic Controllers Ass'n v. Sec'y of Dep't of Transp.*, 654 F.3d 654, 659 (6th Cir. 2011). The constitutional standing requirements include: (1) that the plaintiff has suffered an "injury in fact;" (2) that there is a causal connection between the plaintiff's injury and the defendant's actions; and (3) that the plaintiff's injury may be redressed by a "favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "The [constitutional] standing requirements apply equally to class actions. The class representative must allege an individual, personal injury in order to seek relief on behalf of

himself or any other member of the class." *Sutton v. St. Jude Medical S.C., Inc.*, 419 F.3d 568, 570 (6th Cir. 2005) (citing *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)).

If a plaintiff does not have standing to sue, then the plaintiff also lacks standing to amend its original complaint to add a party that meets the standing requirements. *See, e.g.*, *Zurich Ins. Co. v. Logitrans, Inc.*, 297, F.3d 528, 531 (6th Cir. 2002); *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112, 115 (D.D.C. 1999). The absence of standing cannot be "cured by substituting an authorized plaintiff for the unauthorized plaintiff. 'The longstanding and clear rule is that if jurisdiction is lacking at the commencement of [a] suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim.'" *Corbin v. Blankenburg*, 39 F.3d 650, 653 (6th Cir. 1994) (quoting *Pressroom Union-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983) (internal citations omitted)).

Therefore, before addressing the plaintiff's motion to amend the complaint, this Court must first determine whether the plaintiff has standing. Both parties have fully briefed the defendants' motion to dismiss, and the motion is properly before this Court.

**IT IS ORDERED** that the defendants' motion to stay (DE 26) is **GRANTED**. Accordingly, this matter is stayed, including the deadline for Defendants to respond to Plaintiff's Motion for Leave to Amend Complaint to Add Additional Named Plaintiff, pending the entry of an Order on Defendants' Motion to Dismiss.

Dated October 15, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY